1
2
3
4
5
6
7
8          **IN THE UNITED STATES DISTRICT COURT**
9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**
10

11   NOE PINEDA-CASTRO,                    No.  2:23-CV-0490-KJM-DMC-P

12                   Petitioner,

13          v.                             ORDER

14   WARDEN – FCI HERLONG,                 and

15                   Respondent.           FINDINGS AND RECOMMENDATIONS

16

17          Petitioner, a federal prisoner proceeding pro se, brings this petition for a writ of

18   habeas corpus under 28 U.S.C. § 2241.  Pending before the Court is Respondent's unopposed

19   motion to dismiss.  See ECF No. 9.

20

21                          **I.  BACKGROUND[1]**

22          On December 19, 2018, Petitioner was charged in the United States District Court

23   for the Northern District of Texas with scheming to distribute illicit drugs.  See ECF No. 9-1

24   (Appendix).  Petitioner pleaded guilty and, on September 12, 2019, was sentenced to 87 months

25   in the custody of the Bureau of Prisons (BOP).  See id.  Petitioner's current projected release date

26

27          [1]     Facts are derived from various court records provided by Respondent in the
     Appendix filed in support of the motion to dismiss.  See ECF No. 9-1.  The Court may take
     judicial notice pursuant to Federal Rule of Evidence 201 of matters of public record.  See U.S. v.
28   14.02 Acres of Land, 530 F.3d 883, 894 (9th Cir. 2008).

                                          1

1   is March 22, 2024.  See id.  Petitioner is subject to a final order of removal by Immigration and

2   Customs Enforcement.  See id.  In the instant federal petition, Petitioner seeks relief under the

3   First Step Act (FSA).  See ECF No. 1.

4

5                              **II.  DISCUSSION**

6          In the unopposed motion to dismiss, Respondent argues: (1) this case must be

7   dismissed because Petitioner failed to exhaust administrative remedies with the BOP; (2) this case

8   must be dismissed for lack of standing to challenge BOP discretionary actions; and (3) this case

9   must be dismissed because Petitioner is subject to an order of removal.  See ECF No. 9.

10         The First Step Act (FSA) was enacted on December 21, 2018, and implemented a

11   number of prison and sentencing reforms, including computation of good time credits, reducing and

12   restricting mandatory minimum sentences, safety valve eligibility, retroactive application of the Fair

13   Sentencing Act, and the availability of early release. First Step Act of 2018, Pub. L. No. 115-391, 132

14   Stat. 5194 (2018).  Under the FSA, prisoners "who successfully complete[ ] evidence-based

15   recidivism reduction programming or productive activities" "shall earn 10 days of time credits for

16   every 30 days of successful participation." 18 U.S.C. § 3632(d)(4)(A). A prisoner determined "to be

17   at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased

18   their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of

19   successful participation in evidence-based recidivism reduction programming or productive

20   activities." 18 U.S.C. § 3632(d)(4)(A)(ii).  According to the FSA:

21         A prisoner is *ineligible to apply* time credits under subparagraph (C) if the
           prisoner is the *subject of a final order of removal* under any provision of
22         the immigration laws (as such term is defined in section 101(a)(17) of the
           Immigration and Nationality Act (8 U.S.C. 1101(a)(17))).
23

24         18 U.S.C. § 3632(d)(4)(E)(i) (emphasis added).

25         The Court finds Respondent's third argument dispositive.  The statute is quite

26   clear, and Respondent is correct that Petitioner is ineligible for relief under the FSA because he is

27   subject to an order of removal.  Petitioner's petition for a writ of habeas corpus must be

28   dismissed.

1

### III.  CONCLUSION

2          Based on the foregoing, the undersigned orders and recommends as follows:

3          1.      It is RECOMMENDED that Respondent's unopposed motion to dismiss,

4   ECF No. 9, be GRANTED and that this action be dismissed.

5          2.      It is ORDERED that Petitioner's motion, ECF Nos. 13 and 15, be DENIED

6   without prejudice to renewal should these findings and recommendations not be adopted by the

7   District Judge.

8          These findings and recommendations are submitted to the United States District

9   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

10  after being served with these findings and recommendations, any party may file written objections

11  with the Court.  Responses to objections shall be filed within 14 days after service of objections.

12  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v.

13  Ylst, 951 F.2d 1153 (9th Cir. 1991).

14

15  Dated:  January 31, 2024

16                                                  _____
                                                    DENNIS M. COTA
17                                                  UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28